IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Efrain Flores-Sanchez, #06473-090, ) | CIVIL ACTION NO. 9:10-1696-CMC-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Warden Mary M. Mitchell, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This action has been filed by the Plaintiff, pro se, pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).[1] Plaintiff, an inmate with the Federal Bureau of Prisons (BOP), alleges a violation of his constitutional rights by the named Defendant, the Warden of his Institution (FCI Edgefield).

The Defendant filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P. on

---

[1] In Bivens, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A Bivens claim is analogous to a claim under 42 U.S.C. § 1983. However, federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. See Harlow v. Fitzgerald, 457 U.S. 800, 814-820 (1982). Harlow and progeny indicate that case law involving § 1983 claims is applicable in Bivens actions and *vice versa*. Farmer v. Brennan, 511 U.S. 825 (1994). See also Mitchell v. Forsyth, 472 U.S. 511, 530 (1985); Turner v. Dammon, 848 F.2d 440, 443-444 (4th Cir. 1988); Osabutey v. Welch, 857 F.2d 220, 221-223 (4th Cir. 1988); and Tarantino v. Baker, 825 F.2d 772, 773-775 (4th Cir. 1987), cert. denied, North Carolina v. Tarantino, 489 U.S. 1010 (1989).



December 20, 2010. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on December 21, 2010, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendant's motion may be granted, thereby ending is case.

Plaintiff filed response in opposition to Defendant's motion on January 21, 2011, following which the Defendant filed a reply memorandum on January 28, 2011. Defendant's motion is now before the Court for disposition.[2]

**Discussion**

Plaintiff alleges in his verified complaint that the Defendant has acted in a deliberate and indifferent manner with respect to his health care needs. Plaintiff alleges that he suffers from severe pain in his lower lumbar spine, and that he has complained to the Defendant and to health services at FCI Edgefield, but that the Defendant has "caused Plaintiff unnecessary and wanton pain by her failure to provide reasonably necessary medical care for Plaintiff's constant pain in his legs and back." Plaintiff also alleges the Defendant falsely asserted that he did not pick up his medication at the FCI pharmacy, when he did in fact pick up and take that medication as prescribed. Plaintiff alleges that by not being allowed appropriate medical care, he has suffered a "continuation of pain within his legs and back . . ." subjecting him to a "wanton" infliction of pain. Plaintiff seeks declaratory and/or injunctive relief, as well as monetary damages.

Plaintiff has attached numerous exhibits to his complaint which detail his requests

---

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendant has filed a motion to dismiss. As this motion is dispositive, this Report and Recommendation is entered for review by the Court.



for medical attention and the Defendant's responses. These documents indicate that, among other complaints, Plaintiff has complained about not being given proper medication, not being allowed to have x-rays or MRIs taken, and that the pain he suffers "keep[s] me up every night . . . .". In another document (an Inmate Request Form) Plaintiff complains that he continues to suffer severe pain in his lower back and that the medication he is being provided is not helping, but that when he "returned to medical staff and attempted to discuss treatment options, . . . I am told the costs are too great and there is no option." See generally, Plaintiff's Verified Complaint, with attached Exhibits.

Defendant argues in her motion that Plaintiff's complaint does not comply with the requirements of Rule 8(a), Fed.R.Civ.P., and that in any event Plaintiff has failed to state a proper claim for denial of medical care. Defendant also asserts the defenses of supervisory liability and qualified immunity. The Defendant is not entitled to a Rule 12 dismissal on any of these grounds.

When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Additionally, the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). As the Plaintiff is proceeding pro se, his pleadings are considered pursuant to this liberal standard, and after a careful review and consideration of the allegations of Plaintiff's Complaint pursuant to the cited standards, the undersigned finds and concludes for the reasons set forth hereinbelow that Plaintiff's allegations do state a plausible claim for relief. The Defendant's motion should therefore be denied.



**I.**

Plaintiff will be entitled to relief if the named Defendant was deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986); Wester v. Jones, 554 F.2d 1285 (4th Cir. 1977); Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975). The question, therefore, is whether Plaintiff's factual allegations state a plausible claim that the Defendant was deliberately indifferent to his serious medical needs "on its face". Ashcroft v. Iqbal, 129 S.Ct. at 1949. Plaintiff's allegations satisfy this standard. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)[A complaint attacked by a Rule 12 motion to dismiss does not need detailed factual allegations; rather, the factual allegations must only be enough to raise a right to relief above the speculative level]; cf. Slade v. Hampton Roads Regional Jail, 407 F.3d 243, 248 (4th Cir. 2005)["Courts should not dismiss a complaint for failure to state a claim unless 'after accepting all well-pleaded allegations in the Plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief'"], citing Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

Giving Plaintiff's complaint the liberal construction to which he is entitled, Plaintiff alleges that he is an inmate at FCI Edgefield, where the Defendant is the Warden, and that he has complained to the Defendant on numerous occasions about severe pain he is suffering in his lower lumbar spine and that the medications and medical treatment he has received for his complaints is inadequate and not providing him with relief, but that the Defendant has failed to take any corrective action. The exhibits Plaintiff has attached to his complaint indicate that he has complained that he needs additional medical treatment, but that he has been denied the treatment he has sought for a period of over fourteen (14) months, including a denial of x-rays and MRIs, even though he has



advised the Defendant that his current treatment regimen is not working. See Wolfe v. Johnson, 565 F.3d 140, 169 (4th Cir. 2009)[Court may consider exhibits to a pleading in assessing its sufficiency], citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991); see also Mattes v. ABC Plastics, Inc., 323 F.3d 695, 698, n. 4 (8th Cir. 2003). These allegations set forth a plausible claim for deliberate indifference to Plaintiff's serious medical needs sufficient to survive a Rule 12 motion. Ashcroft, 129 S.Ct. at 1949 [Rule 12 motion can be granted only if Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face"]; Rule 8, Fed.R.Civ.P. [stating that a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."]; cf. Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002)["[W]hen [dismissal for failure to state a claim] involves a civil rights complaint, 'we must be especially solicitous of the wrongs alleged' and 'must not dismiss the complaint unless it appears to a certainty the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged'"], citing Harrison v. United Postal Service, 840 F.2d 1149, 1152 (4th Cir. 1988).

**II.**

Further, while the Defendant correctly notes that the doctrines of supervisory liability and respondeat superior are not applicable in Bivens actions; see generally, Vinnedge v. Gibbs, 550 F.2d 926, 927-929 & nn. 1-2 (4th Cir. 1977); Plaintiff specifically alleges that he has confronted the Defendant directly with his complaints, and that she has rejected his requests for relief. Hence, Plaintiff has alleged that the Defendant is *directly responsible* for the denial of care he asserts, and the Defendant is therefore not entitled to a Rule 12 dismissal on this ground. See Dahl v. Weber, 580 F.3d 730, 733 (8th Cir. 2009)[Prison warden may be liable under § 1983 if the warden is



personally involved in, or directly responsible for, the prisoner's plight].

### III.

Finally, with respect to Defendant's argument that all claims asserted against her should be dismissed on the basis of qualified immunity[3], the Defendant would be entitled to this defense only insofar as the conduct alleged did not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The question thus becomes whether, considering the factual allegations of Plaintiff's complaint to be true, Plaintiff has set forth allegations sufficient to give rise to a plausible claim for relief that the Defendant's conduct violated a clearly established statutory or constitutional right of which a reasonable person would have known.

Considered under this standard, Plaintiff's allegations set forth that he was enduring severe medical pain and discomfort for a period of months, and that even though he confronted the Defendant directly with these complaints over an extended period of time, the Defendant refused to take any corrective action. While the evidence may ultimately show that the Defendant did not engage in the conduct alleged, the undersigned cannot find for purposes of a Rule 12 motion that the Defendant is entitled to dismissal of this case based on a qualified immunity defense at this time, as it was certainly clearly established during the time period set forth in the complaint that prison officials may not be deliberately indifferent to serious medical needs of prisoners, and Plaintiff's allegations and attached exhibits make the claim that that is exactly what the Defendant did. Cf.

---

[3]"Government officials are entitled to assert claims of qualified immunity prior to the onset of discovery in the form of a Fed.R.Civ.P. 12(b)(6) motion to dismiss." Vaughn v. U. S. Small Business Adm., 65 F.3d 1322, 1325, n. 1 (6th Cir. 1995).



Pritchett v. Alford, 973 F.2d 307, 312 (4th Cir. 1992)["In determining whether the specific right allegedly violated was 'clearly established', the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged"]. The Defendant is not therefore entitled to a Rule 12 dismissal based on qualified immunity.

## Conclusion

Based on the foregoing, it is recommended that the Defendant's Rule 12 motion to dismiss be **denied**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

February 23, 2011
Charleston, South Carolina

- 7 -



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

