IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Efrain Flores-Sanchez, #06473-090, ) | CIVIL ACTION NO. 9:10-1696-CMC-BM |
| Plaintiff, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| Warden Mary M. Mitchell, ) | |
| Defendant. ) | |

This action has been filed by the Plaintiff, pro se, pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).[1] Plaintiff, an inmate with the Federal Bureau of Prisons (BOP), alleges a violation of his constitutional rights by the named Defendant, the Warden of his Institution (FCI Edgefield).

The Defendant filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on April 18, 2011. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on April 20, 2011, advising Plaintiff of the importance of a dispositive motion and of

---

[1] In Bivens, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A Bivens claim is analogous to a claim under 42 U.S.C. § 1983. However, federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. See Harlow v. Fitzgerald, 457 U.S. 800, 814-820 (1982). Harlow and progeny indicate that case law involving § 1983 claims is applicable in Bivens actions and *vice versa*. Farmer v. Brennan, 511 U.S. 825 (1994). See also Mitchell v. Forsyth, 472 U.S. 511, 530 (1985); Turner v. Dammon, 848 F.2d 440, 443-444 (4th Cir. 1988); Osabutey v. Welch, 857 F.2d 220, 221-223 (4th Cir. 1988); and Tarantino v. Baker, 825 F.2d 772, 773-775 (4th Cir. 1987), cert. denied, North Carolina v. Tarantino, 489 U.S. 1010 (1989).



the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendant's motion may be granted, thereby ending is case. Plaintiff thereafter filed memorandum in opposition to Defendant's motion on May 6, 2011.

The Defendant's motion is now before the Court for disposition.[2]

### Background and Evidence

Plaintiff alleges in his verified complaint[3] that the Defendant has acted in a deliberate and indifferent manner with respect to his health care needs. Plaintiff alleges that he suffers from severe pain in his lower lumbar spine, and that he has complained to the Defendant and to health services at FCI Edgefield, but that the Defendant has "caused Plaintiff unnecessary and wanton pain by her failure to provide reasonably necessary medical care for Plaintiff's constant pain in his legs and back." Plaintiff also alleges the Defendant falsely asserted that he did not pick up his medication at the FCI pharmacy, when he did in fact pick up and take that medication as prescribed. Plaintiff alleges that by not being allowed appropriate medical care, he has suffered a "continuation of pain within his legs and back . . ." subjecting him to a "wanton" infliction of pain. Plaintiff seeks declaratory and/or injunctive relief, as well as monetary damages.

Plaintiff has attached numerous exhibits to his complaint which detail his requests

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendant has filed a motion for summary judgment. As this motion is dispositive, this Report and Recommendation is entered for review by the Court.

[3]In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.



for medical attention and the Defendant's responses. These documents indicate that, among other complaints, Plaintiff has complained about not being given proper medication, not being allowed to have x-rays or MRIs taken, and that the pain he suffers "keep[s] me up every night . . . .". In another document (an Inmate Request Form) Plaintiff complains that he continues to suffer severe pain in his lower back and that the medication he is being provided is not helping, but that when he "returned to medical staff and attempted to discuss treatment options, . . . I am told the costs are too great and there is no option." See generally, Plaintiff's Verified Complaint, with attached Exhibits.

In support of summary judgment, the Defendant has submitted an affidavit wherein she attests that she was the Warden at FCI Edgefield from January 4, 2009 to January 30, 2011. Defendant attests that, as the Warden, she had the operational responsibility for FCI Edgefield, but was not involved in the day to day decisions concerning the details of each inmate's incarceration. Defendant further attests that she is not familiar with the Plaintiff, that she is not a physician and does not provide personal medical care for inmates, is not involved in the day to day decisions concerning the details of medical care provided to inmates, and that it appears that she has been named as a Defendant in this action simply because of her position as Warden of the institution.

Defendant attests that all inmate medical matters are addressed by staff at the health services department, that she does not possess the requisite medical knowledge to overrule the professional and informed decisions made by the medical staff, and that she relied on the decisions and information provided by BOP medical staff. Defendant alleges that during the time she was Warden at FCI Edgefield, she reviewed and signed administrative remedies filed by inmates, and that the first time she was aware of Plaintiff's request for medical assistance was when he filed a request for administrative remedy on September 24, 2009. Defendant attests that, in this request, Plaintiff



requested an MRI, better pain medication, and to have his leg fixed. This grievance was forwarded to medical staff for investigation and to prepare a draft response since Defendant relied upon their medical expertise. Defendant attests that she signed a response to Plaintiff's grievance on October 8, 2009 which documented his medical care for his ongoing chronic back and leg pain, and which noted in part that pharmacy records showed that as of September 14, 2009 Plaintiff had not picked up his prescription for pain medication and that an MRI was not medically necessary at that time. Defendant attests that she therefore denied Plaintiff's administrative remedy request, and that her decision was upheld by the Southeast Regional Director and by the National Inmate Appeals Administrator.

Defendant attests that she relied on medical staff, who reviewed the records and prepared the draft response, with respect to the assertion that Plaintiff had not picked up his prescriptions, and that she was not aware that Plaintiff disputed this fact until she read this lawsuit. Defendant also attests that if Plaintiff complained to her during "mainline" or through other means regarding his medical care, she would have referred him directly to medical staff, and that at no time did she do anything to intentionally or unintentionally violate Plaintiff's constitutional rights, nor has she ever been indifferent to Plaintiff's medical needs. See generally, Defendant's Affidavit. In addition to this affidavit, the Defendant has also provided as exhibits copies of Plaintiff's administrative remedy filing and a copy of Plaintiff's medical records.[4]

As an attachment to his response in opposition, Plaintiff has submitted an affidavit

---

[4] There was a question as to whether a complete copy of Plaintiff's medical records (Defendant's Exhibit 4) had been included in this filing, so a supplemental copy was filed with the Court (and served on the Plaintiff) on June 8, 2011.



wherein he attests that he approached the Defendant and advised her that he was in severe pain in his lower back and legs, following which Defendant stated that she would "direct" medical to examine Plaintiff and look into his complaints. Plaintiff further attests that, several days thereafter, he approached Defendant in the dining hall and explained that he had not been given adequate medical treatment, but the Defendant took no action. Plaintiff also attests in his affidavit that he made a number of sick call appointments with the medical department at FCI Edgefield to discuss the severe pain he was suffering in his lower back and legs, and that he took his medications as directed. Plaintiff also continues to state that the October 2009 response to his grievance "falsely" stated that he did not pick up medication from the FCI pharmacy, when in fact he had picked up all medications and taken these medications as directed. See generally, Plaintiff's Affidavit.

**Discussion**

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991). Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial. Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts



which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the arguments and evidence presented, the undersigned finds and concludes that the Defendant is entitled to summary judgment in this case.

Considered in the light most favorable to the Plaintiff, the evidence before the Court shows that, in addition to filing a grievance concerning the medical care he was being provided, Plaintiff also personally complained to the Defendant that he was not receiving adequate medical care. See Plaintiff's Verified Complaint; Plaintiff's Affidavit. The evidence also shows that the Defendant, in her capacity as Warden of the Institution, responded to Plaintiff's grievance concerning his medical care by chronicling the care Plaintiff had been provided since his arrival at the institution on April 2, 2008, including multiple visits to the medical department and Plaintiff's receipt of pain medication, and denying Plaintiff's grievance. See Defendant's Affidavit; see also Plaintiff's Exhibit [Response to grievance dated October 8, 2009] (attached to Complaint). Defendant attests in her affidavit that, as Warden, she was not personally involved in the medical care provided to inmates, that she relied on medical personnel to provide medical care because she does not possess the requisite medical knowledge to overrule the professional and informed decisions made by medical staff, and that in responding to Plaintiff's grievance she relied on her medical staff who reviewed the records and prepared a draft response.

There is no evidence in the record before this Court to contest Defendant's statements with respect to her reliance on medical personnel to provide medical care to inmates. Further, it is noted that the medical records provided to this Court confirm the statements made by the Defendant in her grievance response. See Plaintiff's Exhibit [Response to grievance dated October 8, 2009];



Defendant's Exhibit 4 [medical records] at pp. 13, 17, 39-44. Plaintiff's medical records also reflect that since October 8, 2009 Plaintiff has continued to be seen on numerous occasions by medical staff. See Defendant's Exhibit 4 [medical records] at pp. 48-88. This evidence, even considered in the light most favorable to the Plaintiff, does not support a claim for liability against this Defendant with respect to Plaintiff's medical care.

In order to proceed with a claim under Bivens for denial of medical care, Plaintiff must present evidence sufficient to create a genuine issue of fact as to whether the named Defendant was deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Farmer v. Brennen, 511 U.S. 825, 837 (1994); Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986); Wester v. Jones, 554 F.2d 1285 (4th Cir. 1977); Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975); Belcher v. Oliver, 898 F.2d 32 (4th Cir. 1990). However, the doctrines of vicarious liability and respondeat superior are not applicable in Bivens cases. See Vinnedge v. Gibbs, 550 F.2d 926, 927-929 & nn. 1-2 (4th Cir. 1977). Therefore, the Defendant cannot be held liable in this case simply because she was the Warden of the Institution and, as such, the ultimate supervisor of other employees who provided medical care to inmates. Rather, the evidence must be sufficient to create a genuine issue of fact that the Defendant was personally involved in deciding on and providing Plaintiff's medical care, or that the allegedly improper care was the result of an official policy or custom for which the Defendant was responsible. See generally, Dahl v. Weber, 580 F.3d 730, 733 (8th Cir. 2009)[Prison warden may be liable under § 1983 if the warden is personally involved in, or directly responsible for, the prisoner's plight]; Slakan v. Porter, 737 F.2d 368, 375-376 (4th Cir. 1984), cert. denied, Reed v. Slakan, 470 U.S. 1035 (1985)[Supervisory official may be liable for actions of subordinates where subordinates' allegedly unconstitutional conduct was the result of an



official policy or custom for which the supervisory official was responsible]; Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994), cert. denied, 115 S.Ct. 67 (1994); Fisher v. Washington Metro Area Transit Authority, 690 F.2d 1133, 1142-1143 (4th Cir. 1982) (citing Hall v. Tawney, 621 F.2d 607 (4th Cir. 1980)).

      Here, even though the facts (construed most favorably to the Plaintiff) show that the Defendant was aware that Plaintiff was dissatisfied with his medical care, there is no evidence whatsoever to show that the Defendant did anything other than rely on the medical personnel at the prison to provide Plaintiff's medical care, or that any medical care Plaintiff received was improper because of a custom or policy of the Defendant or that the Defendant had personal knowledge that any medical care being provided was not proper. See Shakka v. Smith, 71 F.3d 162, 167 (4th Cir. 1995) [officials entitled to rely on judgment of medical personnel]; Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990) [officials entitled to rely on expertise of medical personnel]; see also Levy v. State of Ill. Dept. of Corrections, No. 96-4705, 1997 WL 112833 (N.D.Ill. March 11, 1997) ["A defendant acts with deliberate indifference only if he or she 'knows of and disregards' an excessive risk to inmate health or safety.'"], quoting Farmer v. Brennan, 511 U.S. at 837.

      Plaintiff argues in his response that Defendant's motion should be denied because her arguments have already been presented and rejected in her previously filed Rule 12 motion to dismiss.[5] However, the standards for considering a motion to dismiss under Rule 12 are different than the standards for a Rule 56 motion for summary judgment. When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleadings as true, and draw all

---

[5] Defendant filed a motion to dismiss on December 20, 2010, which was denied by Order of the Court on March 21, 2011.


reasonable factual inferences in favor of the Plaintiff. Further, the motion can be granted only if Plaintiff has failed to set forth sufficient factual matters in the Complaint to state a plausible claim for relief "on its face". <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009). However, when considering a Rule 56 summary judgment motion, the Court considers evidence submitted by the parties to determine if that evidence creates a sufficient issue of fact with respect to Plaintiff's claims to merit a trial. <u>Baber</u>, 977 F.2d at 874-875. The evidence submitted to the Court, both in support of and opposition to the summary judgment motion, is not sufficient to create a genuine issue of fact as to whether the named Defendant was deliberately indifferent to Plaintiff's serious needs while at FCI Edgefield. <u>Shakka</u>, 71 F.3d at 167 [officials entitled to rely on judgment of medical personnel]. Therefore, the Defendant is entitled to summary judgment in this case.

## **Conclusion**

Based on the foregoing, it is recommended that the Defendant's motion for summary judgment be **granted**, and that this case be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

June 10, 2011
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

