IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Efrain Flores-Sanchez, #06473-090, ) | C/A NO. 9:10-1696-CMC-BM |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Warden Mary M. Mitchell, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation ("Report"). On June 10, 2011, the Magistrate Judge issued a Report recommending that Defendant's motion for summary judgment be granted and this matter dismissed with prejudice. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Plaintiff filed objections to the Report on June 27, 2011.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

1

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to objections made, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the Report and its conclusions. Therefore, the court adopts and incorporates the Report by reference in this Order.

Plaintiff offers conclusory assertions that Defendant's position as Warden "required more than deferring to medical staff" once he advised her of his "suffering and pains," Objections at 2 (Dkt. #43, filed June 27, 2011), and that she was required to take "proper action to assure that 'her' medical staff were providing Plaintiff with proper medical attention." *Id*. at 3. In the end, however, Plaintiff has not established that Defendant was not entitled to rely on the evaluations and treatment by medical staff. Nor has Plaintiff shown that Defendant was either personally involved in Plaintiff's medical care or that the allegedly constitutionally improper care was the result of an official policy or custom for which Defendant was responsible.[1]

Defendant's motion for summary judgment is **granted** and this matter is dismissed with prejudice.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 28, 2011

---

[1]Even assuming, for purposes of this motion, that Plaintiff could show sufficient evidentiary connection between Defendant and the care he received, at most, Plaintiff's claim sounds in negligence, a level of care insufficient to establish a constitutional violation.

2